Anthony J. Sylvester (Atty Id 038331983)
Craig L. Steinfeld (Atty Id 027441992)
SHERMAN WELLS SYLVESTER & STAMELMAN LLP
210 Park Avenue, 2nd Floor
Florham Park, NJ 07932
(973) 302-9700

Attorneys for Plaintiff
NVE Bank

| | |
|---|---|
| NVE BANK,<br><br>Plaintiff,<br><br>vs.<br><br>M & P RE, LLC,<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION, SALEM COUNTY<br>DOCKET NO.<br><br>CIVIL ACTION<br><br>**COMPLAINT IN FORECLOSURE** |

Plaintiff NVE Bank, by way of Complaint against defendant M & P RE, LLC, says:

## THE PARTIES

1. Plaintiff NVE Bank (the "Bank") is a savings bank organized and existing under the laws of the State of New Jersey with its principal office located at 70/76 Engle Street, Englewood, New Jersey 07631.

2. Upon information and belief, defendant M & P RE, LLC ("M & P RE") is a New York limited liability company with an address at 101 Division Avenue, Brooklyn, New York 11211.

## FIRST COUNT
### (Foreclosure)

3. On or about December 5, 2013, the Bank made a commercial mortgage loan to M & P RE in the original principal amount of $3,150,000 (the "Loan").

4. To evidence its indebtedness under the Loan, M & P RE executed and delivered to the Bank a Mortgage Note dated December 5, 2013 in the original principal amount of $3,150,000 (the "Note").

5. With respect to prepayment, the Note provides:

Borrower shall have the right to make prepayments upon payment of a premium (the "Prepayment Premium") in the amount of:

5% of the amount prepaid during the first year of the Loan Term;

4% of the amount prepaid during the second year of the Loan Term;

3% of the amount prepaid during the third year of the Loan Term;

2% of the amount prepaid during the fourth year of the Loan Term; and

1% of the amount prepaid during the fifth year of the Loan Term.

The above schedule will reset at each Change Date.

After the first two (2) five (5) year Rate Periods, Borrower may prepay the loan with no Prepayment premium due during the period forty-five (45) days before the end of the then current Rate Period

The Prepayment Premium shall be due if the Loan is accelerated due to a default by Borrower. No Prepayment Premium shall be due if the loan is refinanced with Lender.

6. To secure the performance of the Loan and repayment of the Note, M & P RE, among other things, executed and delivered to the Bank a certain Mortgage and Security Agreement dated December 5, 2013 (the "Mortgage"), which currently encumbers the real property designated as Block 501, Lot 2 on the Tax Map of the

2

Township of Pennsville, Salem County, New Jersey, more commonly known as 390 North Broadway, Pennsville, New Jersey (the "Property"), all as further described in the metes and bounds description attached hereto as **Exhibit A**, which is also included in the recorded Mortgage. The Mortgage was recorded in the Office of the Salem County Clerk/Register on December 12, 2013 in Mortgage Book 3703, Page 161.

7. The Mortgage has, at all times, constituted a valid, first priority mortgage on and first priority security interest in the Property.

8. The Mortgage is not a purchase money mortgage.

9. To further secure the repayment of the Loan and the obligations under the Note and Mortgage, M & P RE executed and delivered to the Bank a certain Absolute Assignment of Leases and Rents dated December 5, 2013 (the "Assignment of Leases") by which M & P RE, among other things, assigned to the Bank all rights of M & P RE under all present and future leases with respect to the Property and all rents, income and other payments due under such leases. The Assignment of Leases was recorded in the Office of the Salem County Clerk/Register on December 12, 2013 in Mortgage Book 3703, Page 190. (The Note, Mortgage and Assignment of Leases are hereinafter collectively referred to as the "Loan Documents.")

10. Pursuant to the Loan Documents, M & P RE is obligated among other things, to make monthly payments of principal and interest at the initial fixed rate of 4.25% per annum for years one (1) through five (5). Thereafter, the interest rate for the remaining Loan term shall be adjusted every five (5) years on the "Change Date," with the interest rate being the greater of 4.25% per annum or 2.25% over the Federal Home Loan Bank of New York Advance Rate for 5-year loans, rounded to the nearest .125%.

Pursuant to the Loan Documents, the non-default interest rate shall never be lower than 4.25% per annum.

11. Pursuant to the Loan Documents, M & P RE is obligated, among other things, to make monthly escrow payments for the payment of real estate taxes.

12. Pursuant to the Loan Documents, M & P RE is obligated, among other things, to pay a late fee of four percent (4.0%) of any payment not received by the Bank within fifteen (15) days of its due date.

13. Pursuant to the Loan Documents, in the event of an event of default, interest shall accrue on the unpaid principal amount at the rate of three percent (3.0%) per annum above the interest rate that would otherwise have been payable if default had not occurred.

14. Since at least November 1, 2018, M & P RE has failed to make monthly payments of principal and interest and/or escrow payments due under the Loan Documents.

15. Pursuant to the Loan Documents, the failure by M & P RE to make the required payments of principal and interest and other amounts when due constitutes an event of default.

16. The Loan Documents, provide, among other things, that upon the occurrence of an event of default by M & P RE, the Bank has the right, among its other rights and remedies, to declare the entire principal amount of the Loan, interest owed thereon and all other amounts due thereunder immediately due and payable.

17. As a result of M & P RE's default, the Bank has declared the entire amount of the Loan immediately due and payable.

18. To date, despite notice of default and demand for payment, the Loan remains unpaid and M & P RE remains in default under the Loan Documents.

19. The Mortgage provides, among other things, that upon the occurrence of an event of default, the Bank may foreclose the Mortgage and enter upon and take possession of the Property or have a receiver of the rents, issues and profits thereof appointed.

20. There is now due and owing to the Bank on the Note, Mortgage and other Loan Documents, as of March 22, 2019, the principal sum of $2,779,736.76, plus unpaid accrued interest at the standard rate (currently 5.625%) as provided in the Loan Documents, unpaid accrued interest at the default rate (currently 8.625%) as provided in the Loan Documents, real estate tax and/or other advances, prepayment premium, late fees and collection costs, including reasonable attorneys' fees and court costs.

21. The Mortgage is a non-residential mortgage and therefore the provisions of New Jersey's Fair Foreclosure Act are not applicable.

22. Any interest or lien in which any defendant herein has, or may claim to have, in or upon the Property, or any part thereof, is subject and subordinate to the lien of the Mortgage.

23. In order to protect the security of the Mortgage, the Bank may be obliged, during the pendency of this action, to pay taxes, water and sewer charges, insurance premiums, costs of necessary repairs and other costs, and any sums advanced under the terms of the Mortgage, together with interest, are to be added to all of the debts secured by the Mortgage.

WHEREFORE, the Bank demands judgment against M & P RE as follows:

(a) appointing a receiver of rents of the Property;

(b) fixing the amount of indebtedness due to the Bank and secured by the Mortgage held by it on the Property;

(c) barring and foreclosing M & P RE from all equity or redemption in and to any of the Property;

(d) directing M & P RE to repay the amount of indebtedness due, together with interest, prepayment charge, late charges, extension charges, advances, attorneys' fees, and cost of suit, as provided in the Mortgage and by R. 4:42-9(a)(4);

(e) directing that the Property be sold according to law to satisfy the amount of indebtedness, including, but not limited to interest, late fees, attorneys' fees, and costs due to the Bank; and

(f) such other and further relief as the Court may deem just and equitable.

## SECOND COUNT
### (Possession)

24. The Bank repeats the allegations of paragraphs 1 through 23 above as if set forth at length herein.

25. As the holder of the Mortgage on the Property, the Bank is entitled to possession of the Property.

26. M & P RE is now in possession of the Property and, at all relevant times herein, has deprived the Bank of possession thereof.

WHEREFORE, the Bank demands judgment against M & P RE for possession of the Property, damages, mesne profits, costs of suit and attorneys' fees and such other and further relief as the Court may deem just and equitable.

### THIRD COUNT
(Security Interest)

27. The Bank repeats the allegations of paragraphs 1 through 26 above as if set forth at length herein.

28. The Mortgage, in addition to creating a valid mortgage lien upon the Property, also created a valid security interest in the personal property of M & P RE located at the Property.

29. The Bank hereby elects to have such personal property and collateral sold by the Sheriff at public sale and seeks to foreclose the security interests of the Mortgage in order to permit a single public sale of the real estate, personal property and collateral.

WHEREFORE, the Bank demands judgment against M & P RE directing that the personal property and collateral of M & P RE be sold by the Sheriff at the same public sale where the Property is sold, and awarding the Bank attorneys' fees, costs of suit and such further relief as the may deem just and equitable.

SHERMAN WELLS SYLVESTER<br>
& STAMELMAN LLP<br>
Attorneys for Plaintiff<br>
NVE Bank<br><br>
By: _____<br>
CRAIG L. STEINFELD

DATED: March 25, 2019

## CERTIFICATION OF TITLE SEARCH PURSUANT TO R. 4:64-1(a)

I hereby certify that prior to the filing of this action, plaintiff NVE Bank received and reviewed a title search of the public record for the purpose of identifying any lienholder or other persons and entities with an interest in the Property that is subject to foreclosure as required by R. 4:64-1(a).

_____
CRAIG L. STEINFELD

DATED: March 25, 2019

## CERTIFICATION PURSUANT TO R. 4:64-1(a)(3)

I hereby certify that this Complaint and all documents annexed hereto comport with the requirements of Rule 1:4-8(a).

_____
CRAIG L. STEINFELD

DATED: March 25, 2019

8

## CERTIFICATION PURSUANT TO R. 4:5-1

I hereby certify that the within matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor are any other actions or arbitration proceedings contemplated other than a potential action by the Bank against M & P RE and others on the Note and certain guaranty, which may be filed the Superior Court of New Jersey, Law Division, Bergen County. Furthermore, I am not aware of any other party who should be joined in this action.

_____
CRAIG L. STEINFELD

DATED: March 25th, 2019

# EXHIBIT A

## LEGAL DESCRIPTION

ALL that certain lot, parcel or tract of land, situate and lying in the Township of Pennsville, County of Salem, State of New Jersey, and being more particularly described as follows:

BEGINNING at a PK Nail set at the intersection of the northeasterly line of Orchard Avenue (50 feet wide) with the southeasterly line of North Broadway (49.5 feet wide) and from said beginning PK Nail runs:

1. Along the said line of North Broadway, North 53 degrees 07 minutes East, 354.59 feet to an iron pipe found for a corner; thence

2. Along land now or formerly James F. Nasuti (Lot 8, Block 73, South 36 degrees 53 minutes East, 364.24 feet to an iron pipe found for a corner; thence

3. Along the same, North 47 degrees 33 minutes 25 seconds East 225.52 feet to an iron pipe found in the line of land of Atlantic Electric Company (Lot 2, Block 50); thence

4. Along said Atlantic Electric Co. land and along the northerly line of a 20 foot wide Drainage Easement dedicated to the Township of Pennsville, South 49 degrees 09 minutes East, 162.08 feet to an iron bar set at the northerly corner of land now or formerly William W. Schaedler (Lot 15, Block 73); thence

5. Along the said Schaedler land and along land now or formerly of Frank T. Chuchola (Lot 14A, Block 73) and along the southeasterly line of a 20 foot wide Drainage Easement dedicated to the Township of Pennsville in Book 652 of Deeds on Page 535, South 43 degrees 39 minutes West, 490.71 feet to an iron bar set in the northeasterly line of Orchard Avenue; thence

6. Along the northeasterly line of Orchard Avenue (said northeasterly line of Orchard Avenue created by a 30 foot wide parcel of land dedicated to the Township of Pennsville on September 10, 1984 in Book 652 of Deeds on Page 535, South 43 degrees 39 minutes West, 490.71 feet to an iron bar set in the northeasterly line of Orchard Avenue; thence

SUBJECT to a 20 foot wide Drainage Easement along the above described Courses Nos. 4 & 5, dedicated to the Township of Pennsville and recorded in the Salem County Clerk's Office in Book 652 of Deeds on Pages 535 & c.

Being more particularly described in accordance with a survey prepared by Richard C. Weddington, Jr., N.J.P.L.S., for R & T Weddington, LLC, dated April 7, 2008 as follows:

BEGINNING at a PK Nail set at the intersection of the northeasterly line of Orchard Avenue (50 feet wide) with the southeasterly line of North Broadway (49.5 feet wide) and from said beginning PK Nail runs:

(1) along the said line of North Broadway, North 53 degrees 07 minutes East, 354.59 feet to an iron pipe found for a corner; thence

(2) Along Lot 1 Block 501, South 36 degrees 63 minutes, East 364.24 feet to an iron pipe found for a corner; thence

(3) Along the same, North 47 degrees 33 minutes 25 seconds East, 225.52 feet to an iron pipe in line of Lot 22 Block 401; thence

(4) Along Lot 22 Block 401, and along the northerly line of a 20 foot wide drainage easement, South 49 degrees 09 minutes East, 162.08 feet to an iron bar set at the northerly corner of Lot 4 Block 501; thence

(5) Along Lots 4 & 3 Block 501, and along the southeasterly line of a 20 foot wide drainage easement South 43 degrees 39 minutes West, 490.71 feet to an iron bar set in the northeasterly line of Orchard Avenue; thence

(6) Along the northeasterly line of Orchard Avenue North 49 degrees 26 minutes West, 595.72 feet to the point and place of BEGINNING.

FOR INFORMATIONAL PURPOSES ONLY: Also known as Lot 2 in Block 501 on the Township of Pennsville Tax Map.

4814-9691-6878, v. 1